UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHERRIE L. WEBB | ) | CASE NO. 14-34193(1)(13) |
| | ) | |
| Debtor | ) | |

## MEMORANDUM-OPINION-ORDER

This matter came before the Court on the Motion to Terminate Automatic Stay and Abandonment Pursuant to Bankruptcy Rule 4001 regarding 10017 Wingfield Road, Louisville, KY 40291 filed by Interested Party Bardstown Capital Corporation ("BCC"). The Court considered BCC's Motion, the Objection to that Motion filed by Debtor, Cherrie Webb ("Debtor"), the Reply to that Objection filed by BCC, the comments of counsel made at the hearing held on the matter and the Supplemental Response to the Motion to Terminate Automatic Stay and Abandonment filed by BCC. For the following reasons, the Court will **GRANT** the Motion to Terminate Automatic Stay and Abandonment.

On July 6, 2010, Debtor entered into a Real Estate Purchase and Sale Contract ("Real Estate Contract") with BCC for the sale of real property owned by Debtor located at 10017 Wingfield Road, Louisville, KY 40291 ("Property") with BCC for the amount of $105,000. BCC paid an earnest money deposit.

On November 12, 2014, the Debtor filed her Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. In Schedule A to the Petition, Debtor lists the value of her interest in the Property at $82,460 with secured claims on the Property totaling $112,392.

Debtor did not schedule the Real Estate Contract in her Schedules, nor was BCC listed as a creditor or a party in interest on the Petition.

BCC seeks relief from the automatic stay so that it can proceed on the Real Estate Contract in State Court against the Debtor.

Debtor contends that the Real Estate Contract expired by its own terms on June 30, 2010. Debtor contends the Real Estate Contract is no longer legally enforceable and that the Motion to Terminate the Automatic Stay should be denied. BCC contends that the Real Estate Contract's terms establish that the Contract does not terminate until all unappealable Permits are received, a condition which has not yet occurred.

11 U.S.C. § 362(d)(1) provides that the Court, "shall grant relief from the stay provided under subsection (a) of this section . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section if - - (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." In this case, the Debtor has no equity in the Property and it is not necessary to an effective reorganization. Without the relief requested, the Debtor could sell or otherwise transfer the Property to a third party foreclosing BCC's alleged interest in the Property. The Court, therefore, must **GRANT** the requested relief.

The Court is not opining as to the validity of the contract, only that BCC may proceed to be heard on its claims in State Court regarding the Real Estate Contract with the Debtor.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Terminate the Automatic Stay and for Abandonment filed by Bardstown Capital Corporation relative to the Property located at 10017 Wingfield Road, Louisville, KY 40291, be and hereby is, **GRANTED**.

Therefore the stay afforded by 11 U.S.C. § 362 is terminated to permit Bardstown Capital Corporation to enforce any interest it may have in the Property against the Debtor in State Court. The automatic stay is terminated to allow BCC to send Debtor and/or any co-debtors protected by the automatic stay under 11 U.S.C. §§ 1301 or 1201, any and all notices required by state and/or federal law, regulation or statute.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 12, 2016